UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIAJALYN NAZARIO, individually and
on behalf of all others similarly situated

        Plaintiff,

v.                                                                                          Case No:   2:16-cv-772-FtM-99MRM

PROFESSIONAL ACCOUNT
SERVICES, INC. and PRIME
HEALTHCARE SERVICES -
LEHIGH ACRES, LLC,

        Defendants.
_____/

## **ORDER**[1]

This matter comes before the Court upon *sua sponte* review of the Class Action Complaint (Doc. #1) filed on October 18, 2016.  Eliajalyn Nazario (Nazario) brings this case against Defendants based upon diversity jurisdiction. Claims properly brought in federal court pursuant to diversity jurisdiction contain matters where the parties are completely diverse with regard to citizenship and where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).  In an action filed directly in federal court, plaintiff bears the burden of adequately pleading, and ultimately proving, jurisdiction.  *King v. Cessna Aircraft Co.,* 505 F.3d 1160, 1171 (11th

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Cir. 2007). Federal courts are courts of limited jurisdiction and are obligated to inquire about jurisdiction *sua sponte* whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citations omitted). A class action can be maintained only if it complies with the requirements of the jurisdictional statute under which it is brought.[2] 7A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1755 (Civil 3d 2005).

Here, Nazario failed to properly indicate Defendant Prime Healthcare Services-Lehigh Acres, LLC's citizenship. Instead, Plaintiff merely states Defendant "is a for profit agency with its principal place of business at 3300 Guasti Road, 3rd Floor, Ontario, CA 91761." (Doc. #1, at ¶7). A limited liability company is a citizen of every state in which one of its members is located. *Moreno v. Breitburn Florida, LLC*, No. 2:09-cv-566-FtM-29DNF, 2011 WL 2293124, at *1 (M.D. Fla. June 9, 2011) (citing *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC*, 374 F.3d 1020 (11th Cir. 2004)). Here, it appears Plaintiff has relied on the citizenship requirements for a corporation instead. After all, the members of the LLC and their respective locations are not disclosed in the Complaint.

In addition, allegations regarding Defendant Professional Account Services, Inc.'s (Professional) citizenship are ambiguous. That is, Plaintiff alleges Professional "is a collection agency with its principal place of business at 4000 Meridian Blvd, Franklin, TN

---

[2] To the extent Plaintiff brings this case pursuant to the Class Action Fairness Act (CAFA), CAFA provides federal courts with jurisdiction over class actions provided Plaintiff alleges: the number of plaintiffs in all proposed plaintiff classes exceeds one hundred, § 1332(d)(5)(b); any member of the plaintiff class is diverse from any defendant, § 1332(d)(2); and the aggregate of the claims of individual class members exceeds $5,000,000, exclusive of interests and costs. § 1332(d)(2), (6). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1194 (11th Cir. 2007).

37067." (Doc. #1, at ¶6).  A corporation is a citizen of both the state of its incorporation and the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Here, Plaintiff fails to plead Professional's state of incorporation.

The Court is currently not satisfied that it has federal jurisdiction to facilitate this case.  The Court will dismiss the complaint without prejudice but allow Nazario to file an amended complaint that properly alleges the Court's jurisdiction.

Accordingly, it is now

**ORDERED:**

The Class Action Complaint (Doc. #1) is **DISMISSED without prejudice**.  Plaintiff Eliajalyn Nazario may file an amended complaint that properly alleges federal jurisdiction no later than **November 4, 2016**.  Failure to timely file an amended complaint will result in this matter being closed.

**DONE** and **ORDERED** in Fort Myers, Florida this 23rd day of October, 2016.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record