UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIAJALYN NAZARIO, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                        Case No:  2:16-cv-772-FtM-99MRM

PROFESSIONAL ACCOUNT
SERVICES, INC. and LEHIGH HMA,
LLC d/b/a LEHIGH REGIONAL
MEDICAL CENTER,

    Defendants.
_____/

## OPINION AND ORDER[1]

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. #45) filed on February 14, 2017.  Plaintiff Eliajalyn Nazario (Plaintiff or Nazario) filed a response in opposition (Doc. #48) on March 15, 2017.  For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Hospital liens act as a claim against a personal injury recovery that a former patient might recover from a tortfeasor that caused the patient's injuries.  The liens are an effort by hospitals to get paid for the services they provide.  The Florida Hospital Lien Act was

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

enacted in 1951 and repealed in 1971, but liens may now exist by virtue of a county ordinance.  See *Palm Springs General Hospital, Inc. of Hialeah v. State Farm Mut. Auto. Ins. Co.*, 218 So. 2d 793 (Fla. 3d DCA 1969), *decision aff'd*, 232 So. 2d 737 (Fla. 1970) (decided under the Hospital Lien Act, enacted in 1951 and repealed in 1971 but later adopted as a Dade County ordinance); *Shands Teaching Hosp. and Clinics, Inc. v. Mercury Ins. Co. of Florida*, 97 So. 3d 204 (Fla. 2012).  This case involves whether Defendants had the authority to file hospital liens for Plaintiff's (and others) unpaid hospital charges.

On or about November 7, 2015, Nazario was injured in a motor vehicle accident and treated at Lehigh Regional Medical Center.  (Doc. #37, ¶¶ 22-23).  Lehigh Regional apparently billed Plaintiff $3,374.68 for the medical services she was provided.  On January 11, 2016, Lehigh Regional, through Defendant Professional Account Services, Inc. (PASI), which is a debt collection agency, filed a "Notice of Hospital Lien" against Allstate Insurance for the services provided to Nazario at Lehigh Regional in the amount of $3,374.68 in the official records of Lee County, Florida.[2]  (Doc. #37, Ex. A, "the Lien").  The Lien was subsequently mailed to Plaintiff with a cover letter.  (*Id.* at ¶ 29).

Plaintiff alleges that Defendants created and filed hospital liens against Lehigh Regional's former patients' third-party liability or other insurance benefits to collect on outstanding debts owed for the hospital's services without the statutory authority to do so.  On October 18, 2016, Plaintiff filed a nine-count Class Action Complaint (Doc. #1), and is currently proceeding on a nine-count Second Amended Complaint (Doc. #37), alleging that the hospital liens constitute an attempt to collect a debt in violation of the Florida

---

[2] The Lien is dated December 1, 2015, but was recorded on January 11, 2016, as stated by the document stamp at the top of the document. (Doc. #37, Ex. A).

Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* (FCCPA); the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* (FDUTPA); and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (FDCPA).

Upon information and belief, Nazario alleges that it is Defendants' routine practice to treat a patient, and then file a lien. (Doc. #37, ¶ 25). Plaintiff alleges that these liens are "counterfeit" and "illegal" because only non-profit, public hospitals operated by Lee Memorial Health System (which Lehigh Regional is not) are legally authorized to file hospital liens pursuant to a special act - Lee County's hospital lien act, Ch. 78-552, §§ 1-7, at 185-87, Laws of Fla. For Lee Memorial Health Sys. (*Id.* at ¶ 1). Plaintiff believes that Defendants have made hundreds, if not thousands, of similar communications in an attempt to collect consumer debts from Florida consumers. (*Id.* at ¶ 32). Therefore, Nazario files this suit on behalf of a class consisting of:

> (i) all Florida citizens (ii) who were the subject of a counterfeit lien recordation by LEHIGH REGIONAL and/or PROFESSIONAL ACCOUNT SERVICES, INC. (iii) in an attempt to collect a debt incurred for medical bills (iv) during the five year period prior to the filing of the original complaint in this action through the date of class certification.

(*Id.* at ¶ 35).

## DISCUSSION

Defendants move to dismiss the Second Amended Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted on multiple grounds. First, and most importantly, Defendants assert that Plaintiff's jurisdictional allegations are deficient. Defendants state that Plaintiff alleges diversity, federal question, and supplemental jurisdiction, none of which is applicable or sufficiently pled.

### I. Subject Matter Jurisdiction

Under a Rule 12(b)(1) motion, a claim's subject matter jurisdiction may be challenged both facially and factually. *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir. 1999). According to the Eleventh Circuit, in cases such as this, facial attacks "require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true." *Id.*

Plaintiff alleges one count of a violation of federal law against PASI – the FDCPA (Count 3) – and the remaining eight counts allege violations of Florida's counterpart to the FDCPA, the FCCPA, as well as violations of FDUTPA.[3] The Court clearly has federal question jurisdiction over the FDCPA claim, and may exercise supplemental jurisdiction over the remaining state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Such power arises where the state and federal claims "derive from a common nucleus of operative fact" and "are such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (11th Cir. 1966). A state cause of action which requires more proof than the federal claim is still

---

[3] The claims are:
Count 1 – FCCPA v. Lehigh Regional
Count 2 – FCCPA v. PASI
Count 3 – FDCPA v. PASI
Count 4 – FDUTPA v. Lehigh Regional
Count 5 – FDCUTPA v. PASI
Count 6 – FCCPA for injunctive relief v. Lehigh Regional
Count 7 – FCCPA for injunctive relief v. PASI
Count 8 – FCCPA for declaratory relief v. Lehigh Regional
Count 9 – FCCPA for declaratory relief v. PASI
(Doc. #37).

within the court's supplemental jurisdiction if "both claims clearly arise from the same set of facts." *Milan Exp., Inc. v. Averitt Exp., Inc.*, 208 F.3d 975, 980 (11th Cir. 2000); *Tamiami Partners, Ltd. ex rel. Tamiami Dev. Corp. v. Miccosukee Tribe of Fla.*, 177 F.3d 1212, 1223-24 (11th Cir. 1999).

That power, however, "need not be exercised in every case in which it is found to exist," as supplemental jurisdiction is a "doctrine of discretion, not of plaintiff's right." *Gibbs*, 383 U.S. at 726. "The breadth of discretion afforded federal courts in these cases has been codified by section 1367(c)," which "provides for four occasions when a federal court may decline to exercise supplemental jurisdiction otherwise within its power." *Palmer*, 22 F.3d at 1569. Specifically:

> district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if - (1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

"[W]hile supplemental jurisdiction must be exercised in the absence of any of the four factors of section 1367(c), when one or more of these factors is present, the additional *Gibbs* considerations may, by their presence or absence, influence the court in its decision concerning the exercise of such discretion." *Palmer*, 22 F.3d at 1569. Such factors include comity, judicial economy, convenience, fairness to the parties, and whether all the claims would be expected to be tried together. *Id.* (citing *Gibbs*, 383 U.S. at 725-26); *see also Baggett v. First Nat'l Bank of Gainesville*, 117 F.3d 1342, 1353 (11th Cir. 1997)

Here, Defendants argue that the Court should decline to exercise supplemental jurisdiction over the state law claims joined with the FDCPA claim because the state law claims substantially predominate over the one federal claim. Upon consideration of the claims asserted by Plaintiff, the Court finds that the exercise of supplemental jurisdiction is warranted. All claims arise from the same set of operative facts contesting the validity of the hospital liens; thus, the Court has the power to exercise supplemental authority pursuant to 28 U.S.C. § 1367(a). Moreover, the Court finds that although issues of state law will likely predominate in this case, the *Gibbs* factors, as well as consideration of judicial economy, weigh in favor of exercising supplemental jurisdiction over Plaintiff's FCCPA and FDUTPA claims. If this Court were to dismiss the state law claims, the parties to this action would be subjected to litigating the claims stemming from the same set of facts in two separate forums. Additionally, the separation of Plaintiff's claims in multiple forums would open all parties to the possibility of inconsistent rulings.[4] Therefore, the Court finds that it has subject matter jurisdiction.

## II.     Failure to State a Claim

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). In addition, to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the factual

---

[4] Although not advanced by Plaintiff in their response, the Court rejects any notion that diversity of citizenship currently exists as Plaintiff and Lehigh Regional are both citizens of Florida. (Doc. #37, ¶¶ 3, 5).

allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." *Id.* at 555; *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). Like its counterpart above, Rule 12(b)(6) requires more than "unadorned, the-defendant-unlawfully-harmed-me" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). But, "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." *Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability [also] fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### A. FCCPA and FDCPA

Defendants argue that Plaintiff's claims under the FCCPA and FDCPA fail because recording a hospital lien does not constitute "debt collection" as required to invoke the statutes. *See* Fla. Stat. § 559.72(9); 15 U.S.C. § 1692e. Section 559.72(9) of the FCCPA prohibits a debt collector from "asserting the existence of [a] legal right when such person knows that the right does not exist." Plaintiff responds that Defendants miss the point as

she is arguing that the hospital lien is in fact invalid and such activities are unauthorized debt collection activities under the statutes.  The Court agrees that Plaintiff has stated a plausible claim at the motion to dismiss stage for violation of the FCCPA and the FDCPA.  Plaintiff alleges that through their illegal hospital liens, Defendants are asserting a legal right which they do not have and are attempting to enforce that right.  The cases cited by Defendants at Doc. #45, p. 12-13, which held that the filing of a statutory hospital lien is not debt collection involved valid hospital liens where there was no dispute about the lien's validity.  Such is not the case here as Plaintiff is alleging different conduct altogether and challenging Defendants' authority to file a hospital lien in the first instance.

Defendants further argue in support of dismissal that Plaintiff fails to state a claim under the FCCPA because she has not alleged any actual knowledge that Defendants had no legal right to record a lien, citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193, n.12 (11th Cir. 2010).  But *LeBlanc* only stated that the FCCPA requires a plaintiff to "demonstrate that the debt collect defendant possessed *actual knowledge* that the threatened means of enforcing the debt was unavailable."  (*Id.*) (emphasis in original).  *LeBlanc* does not set forth the pleading requirements for a FCCPA action, only what Plaintiff is required to ultimately prove.  Plaintiff's Second Amended Complaint is sufficiently pled.  Defendants may of course re-raise the issue at summary judgment.

### B.  FDUTPA

Defendants also argue that Plaintiff fails to state a claim under FDUTPA because recording a hospital lien does not constitute "trade or commerce," as necessary to invoke the statute, and because Plaintiff fails to identify any actual damages suffered.

FDUPTA is a Florida statute that protects consumers "from the illegal and/or unscrupulous practices of debt collectors and other person." *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809, 811–12 (Fla. 4th DCA 2002) (citation omitted); Fla. Stat. § 501.202. In order to properly state a claim pursuant to FDUPTA, a plaintiff must allege a deceptive act or unfair practice, causation, and actual damages. *Scantland v. Jeffry Knight, Inc.*, No. 8:09–CV–1985–T– 17TBM, 2010 WL 4117683, at *7 (M.D. Fla. Sept. 29, 2010). A deceptive act or unfair practice may be found when "there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Blair v. Wachovia Mortg. Corp.*, No. 5:11–cv–566–Oc–37TBS, 2012 WL 868878 *1 (M.D. Fla. Mar. 14, 2012) (citing *Sundance Apartments I, Inc. v. General Elec. Capital Corp.*, 581 F. Supp. 2d 1215, 1220 (S.D. Fla. 2008)) (quoting *Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773, 777 (Fla. 2003)); see also *Scantland*, 2010 WL 4117683 at *8 ("A deceptive practice is one that is likely to mislead consumers, and an unfair practice is one [that] offends established published policy, 'or is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.' ") (quoting *Rollins, Inc. v. Butland*, 950 So. 2d 850, 869 (Fla. 2d DCA 2006)). FDUTPA affords civil private causes of action for both declaratory and injunctive relief and for damages.

The Court agrees with Defendants that there is a "trade or commerce" component in FDUPTA claims that must also be satisfied. *Economakis v. Butler & Hosch, P.A.*, No. 2:13-CV-832-FTM-38DN, 2014 WL 820623, at *2-3 (M.D. Fla. Mar. 3, 2014); *Kelly v. Palmer, Reifler, & Associates, P.A.*, 681 F. Supp. 2d 1356, 1374 (S.D. Fla. 2010) ("FDUPTA prohibits unfair or deceptive acts or practices 'in the conduct of any trade or

commerce.' "); Fla. Stat. § 501.204(1). This "trade or commerce" component is defined as "the advertising, soliciting, providing, offering, or disturbing, whether by sale, rental, or otherwise, of any good or service, or any property, whether tangible or intangible, or any other article, commodity, or thing of value, wherever situated." *Economakis*, 2014 WL 820623, at *2-3 (citing *Kelly*, 681 F. Supp. 2d at 1374) (quoting Fla. Stat. § 501.203(8)).

Courts have found that legitimate debt collection is generally not within the scope of the term "trade or commerce." See *Trent v. Mortgage Electronic Registration Systems, Inc.*, 618 F.Supp.2d 1356, 1365 n. 12 (M.D.Fla.2007) ("The MERS communicated pre-suit with plaintiffs that it was a 'creditor' or 'owned' the debt does not fall within the purview of 'trade or commerce.'"); *Acosta v. James A. Gustino, P.A.*, No. 6:11–cv–1266–Orl–31GHK, 2012 WL 4052245, at *1 (M.D. Fla. Sept. 13, 2012) (finding that the defendants were not engaged in "trade or commerce" because "attempt[ing] to collect a debt by exercising one's legal remedies does not constitute 'advertising, soliciting, providing, offering, or distributing' as those terms are used in Fla. Stat. § 501.203(8)"). Courts have also held that "[a] person is not engaged in trade or commerce merely by the exercise of contractual or legal remedies." *Economakis*, 2014 WL 820623, at *2-3 (citing *Begelfer v. Najarian*, 381 Mass. 177, 191, 409 N.E.2d 167 (1980)); *Acosta*, 2012 WL 4052245, at *1.

Here, in support of her FDUTPA claims, Plaintiff alleges that as a result of Defendants' illegal actions she was damaged by the filing of her private health information, indebtedness, invasion of her privacy, slander of credit and misrepresentation of Defendants' rights, and by the false assertion of the lien rights. (Doc. #37, ¶ 79). Although Defendants argue that they were not engaged in trade or commerce as they were simply trying to protect their legal rights, Plaintiff is alleging that they did this

10

illegally. The Court understands that it is Defendants' position that they had every right to attempt to collect on Plaintiff's unpaid hospital bills, but Plaintiff has plausibly alleged that Defendants did so in an illegal and/or unscrupulous manner, which is within the purpose of the FDUPTA. As such, the FDUTPA claims will not be dismissed on this basis.

With regard to damages, a claim for damages under FDUTPA has three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *City First Mortg. Corp. v. Barton*, 988 So. 2d 82 (Fla. 4th DCA 2008) (citation omitted); *see also KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073-74 (Fla. 5th DCA 2008). Proof of actual damages is necessary to sustain a FDUTPA claim. *See Rollins, Inc. v. Heller*, 454 So.2d 580, 585 (Fla. 3d DCA 1984). The statute does not allow the recovery of other damages, such as consequential damages. *See Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati*, 715 So. 2d 311 (Fla. 4th DCA 1998).

The Court agrees with Defendants that Plaintiff has failed to allege any actual damages for violation of FDUTPA, instead Plaintiff only alleges damages *as a consequence of* Defendants' actions such as slander of credit and invasion of privacy.[5] (Doc. #37, ¶¶ 79, 91). The amount of the Lien would not be considered actual damages as Plaintiff does not dispute that this amount was in fact owed to Defendants. Therefore, the FDUTPA claims will be dismissed without prejudice on this basis. As Plaintiff has already amended her Complaint twice, the Court will not afford Plaintiff the opportunity to amend.

---

[5] Unfortunately, Plaintiff does not address this argument in its response brief.

### III. Deficient Class Allegations

Finally, Defendants argue that Plaintiff's class allegations in the Second Amended Complaint are deficient. The Court finds that these arguments are premature and best raised and addressed after the issues have been fully briefed at the class certification stage.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. #45) is **GRANTED in part and DENIED in part**. The motion is granted to the extent that Counts 4 and 5 are dismissed without prejudice; otherwise, the motion is denied.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of March, 2017.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record