UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIAJALYN NAZARIO, individually and
on behalf of all others similarly situated,

      Plaintiff,

v.                                                          Case No:   2:16-cv-772-FtM-99MRM

PROFESSIONAL ACCOUNT SERVICES,
INC. and LEHIGH HMA, LLC,

      Defendants.

_____/

**REPORT AND RECOMMENDATION**[1]

    Pending before the Court is Plaintiff's Motion to Certify Class (Doc. 56), filed on July

19, 2017.  Defendants Professional Account Services, Inc. ("PASI") and Lehigh HMA, LLC

d/b/a Lehigh Regional Medical Center ("Lehigh Regional") filed an Opposition to Plaintiff's

Motion for Class Certification (Doc. 60) on August 18, 2017.  The matter was referred to the

Undersigned for a Report and Recommendation and is now ripe for review.  For the reasons

discussed herein, the Undersigned respectfully recommends that Plaintiff's Motion to Certify

Class (Doc. 56) be **DENIED** in its entirety.

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or
websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that
hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other
websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the
services or products they provide on their websites.  Likewise, the Court has no agreements with
any of these third parties or their websites.  The Court accepts no responsibility for the
availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or
directs the user to some other site does not affect the opinion of the Court.

## I.     Background

This action questions whether Defendants had the authority to file hospital liens for unpaid hospital charges.  (*See* Doc. 37).  Plaintiff alleges that Defendants created and filed hospital liens against Lehigh Regional's former patients' third-party liability or other insurance benefits to collect on outstanding debts owed for the hospital's services without authority to do so.  (*See id.*).  Plaintiff's Second Amended Complaint alleges that the hospital liens constitute an attempt to collect a debt in violation of the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  (Doc. 37).  Plaintiff's seven remaining claims are:  Violation of the FCCPA as to Lehigh Regional (Count 1); Violation of the FCCPA as to PASI (Count 2); Violation of the FDCPA as to PASI (Count 3); injunctive relief under the FCCPA as to Lehigh Regional (Count 6); injunctive relief under the FCCPA as to PASI (Count 7); declaratory relief under the FCCPA as to Lehigh Regional (Count 8); and declaratory relief under the FCCPA as to PASI (Count 9). (Doc. 37; Doc. 49 at 12).

In the Motion *sub judice*, Plaintiff seeks certification of a class of individuals who allegedly were subjected to the "unlawful and counterfeit liens" recorded against them.  (Doc. 56 at 2).  Specifically, Plaintiff seeks entry of an Order certifying a class defined as:

> (i) All Florida citizens (ii) who were the subject of a counterfeit lien recordation by LEHIGH REGIONAL and/or PROFESSIONAL ACCOUNT SERVICES, INC. (iii) in an attempt to collect a debt incurred for medical bills (iv) from 2 years prior to the filing of the initial complaint, October 18, 2016, to the date of class certification.

(*Id.* at 2; *see also* Doc. 37 at ¶ 35).[2]  In addition, Plaintiff requests that the Court appoint the law firm of Viles & Beckman, LLC as lead counsel for the class and that Plaintiff Eliajalyn Nazario be designated as class representative for the class.  (Doc. 56 at 12).  The Undersigned addresses the issues raised by Plaintiff's Motion below.

## II.     Discussion

The United States Supreme Court has noted that class actions are "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348, (2011) (quotation and citation omitted).  To justify a departure from that rule, a class representative must be a part of the class and possess the same interests and suffer the same injuries as the class members.  *Id.*

Federal Rule of Civil Procedure 23 sets forth the requirements for class actions.  Under the Rule, all putative classes "must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (citation omitted).  "Rule 23(a) requires every putative class to satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation."  *Id.*

Additionally, Rule 23(b) specifies the types of class actions that may be maintained if Rule 23(a) is satisfied.  *Id.*  Here, Plaintiff moves pursuant to Rule 23(b)(2), which additionally requires that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is

---

[2]  Importantly, Plaintiff states that the class definition for which she seeks certification in her Motion is *narrower* than the class definition contained in her Second Amended Complaint. (Doc. 56 at 2 n.3).  Accordingly, the Undersigned only addresses the class definition as set forth in Plaintiff's Motion.  (*Id.* at 2).

appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2).  The Undersigned

addresses the requirements of Rule 23(a) and Rule 23(b) separately below.

A.     **Fed. R. Civ. P 23(a)**

The requirements of Rule 23(a) ensure that named plaintiffs are appropriate

representatives of the class they wish to litigate.  *Dukes*, 564 U.S. at 349.  "The Rule's four

requirements – numerosity, commonality, typicality, and adequate representation – 'effectively

limit the class claims to those fairly encompassed by the named plaintiff's claims.'"  *Id.* (citing

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982)).  The question of whether to certify a

class rests in the sound discretion of the district court.  *Rosario-Guerrro v. Orange Blossom

Harvesting*, 265 F.R.D. 619, 624 (M.D. Fla. 2010) (citing *Babineau v. Fed. Exp. Corp.*, 576 F.3d

1183, 1189 (11th Cir. 2009)).

Nevertheless, the party moving for class certification has the burden to establish all

implicit and explicit requirements of Rule 23.  *Bussey v. Macon Cty. Greyhound Park, Inc.*, 562

F. App'x 782, 787 (11th Cir. 2014); *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181,

1187 (11th Cir. 2003).  Indeed, Rule 23 does not establish a mere pleading standard.  *Dukes*, 564

U.S. at 350.  Instead, "[a] party seeking class certification must affirmatively demonstrate his

compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently

numerous parties, common questions of law or fact, etc."  *Id.* at 351.

Furthermore, the Supreme Court has recognized that "sometimes it may be necessary for

the court to probe behind the pleadings before coming to rest on the certification question."  *Id.*

at 350-51 (citing *Falcon*, 457 U.S. at 156)).  "The class determination generally involves

considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause

of action."  *Id.* at 351 (citing *Falcon*, 457 U.S. at 157).  Accordingly, the Court must conduct a

"rigorous" analysis of the Rule 23(a) prerequisites that may overlap with the merits of a plaintiff's underlying claim.  *Id.*

The specific requirements of Rule 23(a) include:

(1)    the class is so numerous that joinder of all members is impracticable;
(2)    there are questions of law or fact common to the class;
(3)    the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4)    the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).  These four prerequisites are "'designed to limit class claims to those fairly encompassed by the named plaintiffs' individual claims.'"  *Valley Drug Co.*, 350 F.3d at 1188 (quoting *Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1278 (11th Cir. 2000)).  If the moving party fails to establish any one of these four factors, then the party is precluded from class certification.  *Id.*

The Undersigned addresses each of the requirements of Rule 23(a) in turn below in addition to the threshold questions of standing, the class definition, and ascertainability.

### 1.    Standing

As a threshold matter, Plaintiff must have standing pursuant to Article III to raise each class claim.  *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1321 (11th Cir. 2008).  Defendants, however, did not challenge Plaintiff's standing.  (*See generally* Doc. 60).  Thus, the Court need not address this issue in detail here.  Upon consideration, the Court finds no basis for rejecting Plaintiff's standing to bring her FCCPA and FDCPA claims.

### 2.    Class Definition and Ascertainability

Another threshold consideration is whether Plaintiff has demonstrated that the proposed class is adequately defined and clearly ascertainable.  *Bussey*, 562 F. App'x at 787.  "An identifiable class exists if its members can be ascertained by reference to objective criteria" and

the objective criteria is administratively feasible.  *Id.* (quotation omitted).  "Administrative

feasibility means that identifying class members is a manageable process that does not require

much, if any, individual inquiry."  *Id.* (quotations omitted).  A court should deny class

certification when the class definition is "overly broad, amorphous, and vague, or where the

number of individualized determinations required to determine class membership becomes too

administratively difficult."  *Kirts v. Green Bullion Fin. Servs., LLC*, No. 10-20312-CIV, 2010

WL 3184382, at *6 (S.D. Fla. Aug. 3, 2010).  After a plaintiff satisfies this threshold issue, then

the district court conducts its rigorous analysis of the Rule 23 prerequisites.  *Bussey*, 562 F.

App'x at 787 (citations omitted).

> Here, as stated above, Plaintiff seeks to certify a class defined as:

> (i) All Florida citizens (ii) who were the subject of a counterfeit lien recordation by
> LEHIGH REGIONAL and/or PROFESSIONAL ACCOUNT SERVICES, INC.
> (iii) in an attempt to collect a debt incurred for medical bills (iv) from 2 years prior
> to the filing of the initial complaint, October 18, 2016, to the date of class
> certification.

(Doc. 56 at 2).

> Defendant does not challenge the adequacy of the class definition or its ascertainability.

(*See generally* Doc. 60).

> Upon an independent review of the class definition, the Undersigned finds no basis on

which to conclude that the current class definition is not administratively feasible.  Instead, the

Undersigned finds that identifying class members should be a manageable process that does not

require much, if any, individual inquiry.  *See id.*  Further, the Undersigned finds no basis on

which to conclude that the class definition is overly broad, amorphous, or vague, or that the

number of individualized determinations required to determine class membership is too

administratively difficult.  *See Kirts*, 2010 WL 3184382, at *6.  Thus, the Undersigned finds that

the class definition is adequately defined and clearly ascertainable.  *See Bussey*, 562 F. App'x at

787.  The Undersigned now turns to a rigorous analysis of the Rule 23 prerequisites.  *See id.*

### 3.   Rule 23(a)(1) Numerosity

To certify a class, Rule 23(a) requires that the class be "so numerous that joinder of all

members is impracticable."  Fed. R. Civ. P. 23(a)(1).  The plaintiff bears the burden of making

some showing, albeit a "generally low hurdle," of "affording the district court the means to make

a supported factual finding that the class actually certified meets the numerosity requirement."

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1267 (11th Cir. 2009); *Schojan v. Papa Johns Int'l,*

*Inc.*, 303 F.R.D. 659, 664 (M.D. Fla. 2014).  Although the mere allegation of numerosity is

insufficient, the plaintiff need not show a precise number of members for the putative class and,

further, the rule imposes a "generally low hurdle."  *Vega*, 564 F.3d at 1267.  In dicta, the

Eleventh Circuit has held, "while there is no fixed numerosity rule, 'generally less than twenty-

one is inadequate, more than forty adequate, with numbers between varying according to other

factors.'"  *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) (citation

omitted).

Plaintiff argues that numerosity is met.  (Doc. 56 at 4-6).  Specifically, in support,

Plaintiff cites the deposition transcript of Michael Lynch, who was the department manager for

the PASI lien unit.  (Doc. 56-1 at 6:23-24).[3]  Mr. Lynch indicated that PASI had filed 429 liens

on behalf of Lehigh Regional.  (*Id.* at 26:20).  Plaintiff argues that "this number is entirely

sufficient to meet the numerosity requirement of Rule 23(a)(1) and joinder of the 429 class

members that Plaintiff's counsel is aware of to date would be impracticable."  (Doc. 56 at 6).

---

[3]  The Undersigned cites to the pagination in CM/ECF not the pagination in the deposition
transcript.  (*See* Doc. 56-1).

In response, Defendants did not specifically address numerosity.  (*See generally* Doc. 60).

Upon consideration, 429 potential class members is more than sufficient under Eleventh Circuit precedent to make a finding of numerosity.  *See Cox*, 784 F.2d at 1553.  Moreover, the joinder of 429 potential class members is impracticable.  *See* Fed. R. Civ. P. 23(a)(1).  Accordingly, the Undersigned finds that Plaintiff has met her burden as to numerosity.  *See Vega*, 564 F.3d at 1267.  Thus, the requirement of Rule 23(a)(1) is met.

### 4.    Rule 23(a)(2) Commonality

Next, Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).  Commonality refers to the characteristics of the class as a whole, unlike typicality, which refers to the individual characteristics of plaintiffs in relation to the class. *Piazza v. Ebsco Indus., Inc.*, 273 F.3d 1341, 1346 (11th Cir. 2001) (citing *Prado-Steiman*, 221 F.3d at 1279).  Commonality requires that there be some factual or legal theory that is susceptible to class-wide proof.  *Williams v. Mohawk Indus., Inc.*, 568 F.3d 1350, 1355 (11th Cir. 2009).  It also requires that "there be at least one issue whose resolution will affect all or a significant number of the putative class members."  *Williams*, 568 F.3d at 1355 (citation and quotation omitted).  Commonality may be satisfied "even with some factual variations among class members."  *Schojan*, 303 F.R.D. at 665.

Nevertheless, in the watershed case of *Wal-Mart Stores, Inc. v. Dukes*, the United States Supreme Court clarified the commonality requirement under Fed. R. Civ. P. 23 by specifically rejecting the use of generalized questions to establish commonality.  564 U.S. at 349.  In *Dukes*, female employees of a retail store chain brought a class action under Title VII against their employer alleging sex discrimination.  *Id.* at 343.  The district court certified the class, and the

Ninth Circuit Court of Appeals substantially affirmed.  *Id.* at 338.  The Supreme Court, however, reversed, holding that certification of the class was not consistent with Fed. R. Civ. P. 23(a).  *Id.* at 367.

The Supreme Court stated that "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members."  *Id.* at 348-49.  Noting that any "competently crafted class action complaint literally raises common questions," the Supreme Court focused its inquiry as follows:

> This does not mean merely that they have all suffered a violation of the same provision of law.  Title VII, for example, can be violated in many ways—by intentional discrimination, or by hiring and promotion criteria that result in disparate impact, and by the use of these practices on the part of many different superiors in a single company.  Quite obviously, the mere claim by employees of the same company that they have suffered a Title VII injury, or even a disparate-impact Title VII injury, gives no cause to believe that all their claims can productively be litigated at once.  Their claims must depend upon a common contention—for example, the assertion of discriminatory bias on the part of the same supervisor.  That common contention, moreover, must be of such a nature that it is capable of classwide resolution – *which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke*.

*Id.* at 350 (emphasis added).  Importantly, the Supreme Court held that:  "[w]hat matters to class certification . . . is not the raising of common questions—even in droves—but, rather the capacity of a classwide proceeding to generate common *answers* apt to drive the resolution of the litigation.  Dissimilarities within the proposed class are what have the potential to impede the generation of common answers."  *Id.* at 351 (citation and internal quotation marks omitted).

Here, Plaintiff alleges that "Defendants are collecting a debt from her both in violation of the FCCPA and the FDCPA through counterfeit liens that are not authorized by statute or otherwise" and that "Defendants are asserting a legal right which they do not have and they are attempting to enforce that right."  (Doc. 56 at 6).  Plaintiff argues that "[p]roving those violations

would require the use of the same proof by all class members in order to prove all elements of their claims." (*Id.*).  Additionally, Plaintiff argues that once she "proves her claim, she will have all of the proof necessary for the rest of the class." (*Id.* at 7).  Plaintiff specifically argues that such common questions of fact and law include:

> 1.  Whether the Defendants violated the FDCPA.
> 2.  Whether the Defendants asserted a legal right which they do not have and are attempting to enforce that right.
> 3.  Whether the Defendants recorded liens without any authority, statutory or otherwise.
> 4.  Whether the injunctive relief is appropriate.
> 5.  Whether declaratory relief is appropriate.

(*Id.*).  Plaintiff argues that "[b]oth her injuries and those of the putative class stem from the Defendants' collection practices, specifically their recordation of liens." (*Id.*).  Plaintiff argues that "[t]his alone requires a finding of commonality." (*Id.*).

Further, Plaintiff specifically contends that "[t]he liens that have been recorded against each and every class member are the exact same." (*Id.* at 8).  Plaintiff states that there is "a form lien which is being filed [sic] out with cookie cutter information—name, address, insurance company, etc." (*Id.*).  Plaintiff states that "[a]n identical lien is recorded with the exception of the personal information as referenced above." (*Id.*).  As a result, Plaintiff argues that she "will have the same legal questions, which will be common to all of the members of the putative class, and will require proof of the same material facts." (*Id.*).  Plaintiff argues, therefore, that "[t]he questions of fact and law in the instant case are common [sic] the entire class" and, thus, "the commonality requirement of Rule 23(a)(2) is satisfied." (*Id.* at 9).

In response, Defendants do not specifically couch any of their arguments as challenging the commonality requirement under Rule 23(a)(2).  (*See generally* Doc. 60).  Nevertheless, Defendants argue that certification of Plaintiff's FCCPA claims should be denied because

Plaintiff cannot prove the purported illegality with common proof.  (*Id.* at 7-10).  Specifically, Defendants argue that the FCCPA requires a debt collector defendant to possess actual knowledge that the threatened means of enforcing the debt was unavailable.  (*Id.* at 7 (citing *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1193 n.12 (11th Cir. 2010)).  Defendants argue that because the FCCPA has an actual knowledge requirement, "courts have denied certification of FCCPA claims due to the individual inquiries associated with proving the defendant's actual knowledge."  (*Id.* at 8 (citing *Drossin v. Nat'l Action Fin. Servs., Inc.*, 255 F.R.D. 608, 619 (S.D. Fla. 2009); *McCamis v. Servis One, Inc.*, No. 8:16-cv-1130-T-30AEP, 2017 WL 589251, at \*4-5 (M.D. Fla. Feb. 14, 2017))).  Defendants argue that "Plaintiff has made no effort to identify any common proof on which she will rely to establish that Defendants actually knew each individual lien was purportedly unauthorized."  (*Id.*).

Furthermore, Defendants argue that "the liens identified by Plaintiff in the Motion contain varying language that may impact the Defendants' liability."  (*Id.* at 9).  Specifically, Defendants state that:

> [S]ome of the liens specifically identify the statutory laws under which the lien was filed and indicate that the lien is being "furnished in accordance" with such laws. [Doc. 59-1 at 110-12].  Other liens, however, do not identify any such specific statutory laws nor do they expressly indicate that the lien is being furnished in accordance with any specific statutory laws.  [Doc. 57-1 at 10-150].  Yet others do not even indicate they are filed in accordance with the provisions of the laws of any specific state whatsoever.  [*Id.* at 1-9].

(Doc. 60 at 9).  As a result, Defendants argue that "Plaintiff will have to present different proof depending on the particular language of each individual lien."  (*Id.*).

Considering the foregoing, although Plaintiff and the class members potentially share common questions of law – *i.e.*, whether Defendants are collecting a debt in violation of the FCCPA and the FDCPA through alleged counterfeit liens that are not authorized by statute or

otherwise and/or whether Defendants are asserting a legal right that they do not have and are attempting to enforce such right, (*see* Doc. 56 at 6) – the Undersigned cannot find that a classwide proceeding is likely to generate common *answers* apt to drive the resolution of the litigation. *See Dukes*, 564 U.S. at 351. Instead, dissimilarities within the proposed class concerning Defendant's actual knowledge and the varying language of the liens at issue have the potential here to impede the generation of common answers. *See id.*

In coming to this conclusion, the Undersigned finds persuasive the *Drossin* and *McCamis* cases cited by Defendants. In *Drossin v. National Action Financial Services, Inc.*, the court denied the plaintiff's motion for class certification to the extent the plaintiff sought certification premised on the FCCPA. 255 F.R.D. at 619. The court noted that "[t]o establish a violation under the [FCCPA], it must be shown that a legal right that did not exist was asserted and that the person had actual knowledge that the right did not exist." *Id.* at 618 (citing Fla. Stat. § 559.72(9)). The plaintiff argued that leaving a telephone message without disclosing that the call was from a debt collector violated that right. *Id.* at 618-19. Nevertheless, the court found that making any such determinations "would require individualized inquiries into whether in each case a non-existent right (a debt) was asserted though Defendant knew the right did not exist." *Id.* at 618-19. As a result, the court found that the commonality requirement was not met, and, thus, a class premised on the FCCPA failed. *Id.* at 619.

Similarly, in *McCamis v. Servis One, Inc.*, the Court denied the plaintiff's motion for class certification due to, *inter alia*, a lack of commonality. 2017 WL 589251, at *6. The plaintiff sought to certify a class, in part, asserting FCCPA and FDCPA claims based on the defendant's alleged practice of attempting to collect discharged debt directly from a debtor after the defendant was informed that the debt was discharged in bankruptcy. *Id.* at *1. In denying

class certification, the Court noted that "whether each communication [from the defendant] is actionable depends on the actual contents of the communications." *Id.* at *4. The Court found, however, that "Plaintiff's claims do not arise out of a single form of communication" and that the communications at issue represented "a wide range of very different letters." *Id.* Because the communications were different, the Court noted that "liability turns on a host of individual issues of fact and law that do not lend themselves to aggregate resolution" and, therefore, found that class certification was inappropriate. *Id.*

As noted above, Plaintiff seeks class certification for both her FCCPA claims and her FDCPA claim. As to Plaintiff's FCCPA claims, the Undersigned finds that, as in *Drossin* and *McCamis*, class certification is inappropriate. Specifically, as the court noted in *Drossin*, to establish a violation under the FCCPA, Plaintiff must show that a legal right that did not exist was asserted and that Defendants had actual knowledge that the right did not exist. 255 F.R.D. at 618 (citing Fla. Stat. § 559.72(9)). Here, although Plaintiff argues that each of the class members were subjected to "illegal" liens, as in *Drossin*, the Court would nonetheless be tasked with making individualized inquiries into whether in each case a non-existent right was asserted and whether Defendants knew the right did not exist. *See id.* at 618-19.

Furthermore, similar to *McCamis*, Defendants have shown that there are multiple different liens that contain varying language. (Doc. 60 at 9). Defendants point out that "some of the liens specifically identify the statutory laws under which the lien was filed and indicate that the lien is being 'furnished in accordance' with such laws." (*Id.* (citing Doc. 59-1 at 110-12)). Defendants state that "[o]ther liens . . . do not identify any such specific statutory laws nor do they expressly indicate that the lien is being furnished in accordance with any specific statutory laws." (*Id.* (citing Doc. 57-1 at 10-150)). Finally, Defendants point out that yet other liens "do

not even indicate they are filed in accordance with the provisions of the laws of any specific state whatsoever." (*Id.* (citing Doc. 57-1 at 1-9)). Although Plaintiff contends that "[t]he liens that have been recorded against each and every class member are the exact same" with the exception of certain personal information, (Doc. 56 at 8), Defendants' record citations to exemplar liens affirmatively demonstrate that the language of the liens are not the exact same, (*see* Doc. 60 at 9). Indeed, these citations to the record directly contradict Plaintiff's contention that there is "a form lien which is being filed [sic] out with cookie cutter information—name, address, insurance company, etc." (Doc. 56 at 8). Accordingly, because different communications are at issue here, like *McCamis*, liability may turn on a host of individual issues of fact and law that do not lend themselves to aggregate resolution. *See* 2017 WL 589251, at *4.

In sum, similar to *Drossin* and *McCamis*, class certification as to Plaintiff's FCCPA claims is not appropriate because commonality is not met pursuant to Rule 23(a)(2).

The Undersigned also finds that Plaintiff has not adequately demonstrated how commonality is met under Rule 23(a)(2) as to her FDCPA claim. Specifically, the Undersigned notes that Plaintiff's FDCPA claim is premised on a violation of 15 U.S.C. § 1692e, which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." (*See* Doc. 37 at ¶¶ 64-72). In Count 3, Plaintiff specifically alleges that Defendant PASI violated 15 U.S.C. § 1692e(2)(A), which prohibits "[t]he false representation of . . . the character, amount, or legal status of any debt." (Doc. 37 at ¶ 64). However, the differing language in the lien documents at issue would require different proof to satisfy the elements of the FDCPA Plaintiff has asserted. In *McCamis*, the Court declined to certify a class for the plaintiff's FDCPA claims, in part, for a lack of commonality when different communications were at issue. *See* 2017 WL 589251, at *4. Here, because there

are also different communications at issue – *i.e.*, the varying language of the liens – the Undersigned finds that liability may turn on a host of individual issues of fact and law that do not lend themselves to aggregate resolution.  *See id.*  Accordingly, commonality is not met for Plaintiff's FDCPA claims either.

In sum, Plaintiff's Motion to Certify Class (Doc. 56) must be denied because Plaintiff has not satisfied the commonality requirement.  As indicated above, the party moving for class certification has the burden to establish all implicit and explicit requirements of Rule 23.  *Bussey,* 562 F. App'x at 787.  Indeed, Plaintiff must affirmatively prove all parts of Rule 23.  *See Dukes,* 564 U.S. at 351.  Here, for the reasons discussed above, Plaintiff failed to do so.  Thus, commonality is not met under Rule 23(a)(2).

Notwithstanding this conclusion, assuming *arguendo* that commonality exists, Plaintiff's Motion to Certify Class (Doc. 56) should still be denied because Plaintiff also fails to meet the requirements of Rule 23(b)(2).  *See* discussion *infra* Part II.B.

### 5. Rule 23(a)(3) Typicality

Although the Court finds that the commonality requirement is not met, the Undersigned nevertheless addresses the remaining requirements of Rule 23(a).  Specifically, Rule 23(a)(3) requires that the claims or defenses of the representative parties be typical of the claims or defenses of the class.  Fed. R. Civ. P. 23(a)(3).  "A class representative must possess the same interest and suffer the same injury as the class members in order to be typical under Rule 23(a)(3). . . . [T]ypicality measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large."  *Cooper v. Southern Co.*, 390 F.3d 695, 713 (11th Cir. 2004) (quoting *Prado-Steiman,* 221 F.3d at 1279), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006).  Traditionally, commonality refers to the

group characteristics of the class as a whole, whereas typicality refers to the individual characteristics of plaintiffs in relation to the class. *Id.*

All putative class members are not required to share identical claims, and factual differences among the claims of the putative class do no defeat certification. *Id.* (citation omitted). Nonetheless, a plaintiff's claims must share the same "essential characteristics as the claims of the class at large." *Id.* (citations omitted). "The claim of a class representative is typical if the claims or defenses of the class and the class representative arise from the same event or pattern or practice and are based on the same legal theory." *Williams*, 568 F.3d at 1357 (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). "Thus, typicality is often met when, in proving her case, the representative plaintiff establishes the elements needed to prove the class members' case." *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 677 (S.D. Fla. 2007).

Here, Plaintiff argues that she "will be able to establish each class member's claims by proving her own claims" because "[a]ll of the putative class members were subjected to the same debt collection practices, the same lien recordation practices, the same lien form, and are based on the same legal theory that the Defendant violated the FDCPA and FCCPA." (Doc. 56 at 9). Plaintiff points to the deposition of Mr. Lynch, arguing that Mr. Lynch testified that PASI "did not treat Eliajalyn Nazrio [sic] and her lien any differently than those of the putative class members." (*Id.* (citing Doc. 56-1 at 39-40)). Plaintiff argues, therefore, that "[t]he typicality requirement has been met." (*Id.*).

In response, Defendants did not specifically challenge the typicality requirement under Fed. R. Civ. P. 23(a)(3). (*See generally* Doc. 60).

Upon review, although there was no objection by Defendants, Plaintiff has not sufficiently shown that she has the same interest or suffered the same injury as the proposed class, nor has she shown that a sufficient nexus exists between her claims and those of the proposed class at large. *See Cooper*, 390 F.3d at 713. For instance, in arguing that typicality is met, Plaintiff expressly argued that "[a]ll of the putative class members were subjected to the same debt collection practices, the same lien recordation practices, *the same lien form*, and are based on the same legal theory that the Defendant violated the FDCPA and FCCPA." (Doc. 56 at 9 (emphasis added)). As discussed in the preceding section, however, contrary to Plaintiff's assertion, there are differing lien forms at issue here. (Compare Doc. 57-1 at 1-9, *with id.* at 10-150, *and* Doc. 59-1 at 110-12). Defendants point out at least three different categories of lien documents. (*See* Doc. 60 at 9). Logically, the Undersigned cannot recommend a finding of typicality when the resolution of Plaintiff's claims may rest on the specific language of her lien documents, which language may differ from the other prospective class members.

Similarly, although Plaintiff argues that Mr. Lynch's testimony supports a finding of typicality because, she contends, Mr. Lynch indicated that that all lien documents of the prospective class members were handled the same, the Undersigned notes that Mr. Lynch also testified that "each account is handled individually and differently." (Doc. 56-1 at 40:3-5). Contrary to Plaintiff's argument, therefore, this testimony suggests that Plaintiff's claims may arise from a different event, a different pattern or practice, and/or be based on a different legal theory than those of the prospective class at large. *See Williams*, 568 F.3d at 1357.

As stated above, Plaintiff has the burden to establish all implicit and explicit requirements of Rule 23. *Bussey*, 562 F. App'x at 787. In this instance, because there are differing lien documents at issue, Plaintiff has not affirmatively proved the requirements of Rule 23(a)(3). *See*

*Dukes*, 564 U.S. at 351.  Thus, the Undersigned cannot find that Plaintiff's claims or defenses are typical of the claims or defenses of the proposed class.

Even if the Court assumes *arguendo* that typicality can be demonstrated here, Plaintiff's Motion to Certify Class (Doc. 56) should still be denied because Plaintiff also fails to meet the requirements of Rule 23(b)(2).  *See* discussion *infra* Part II.B.

### 6.    Rule 23(a)(4) Adequate Representation

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  This requirement applies equally to the class representatives and counsel.  *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1253 (11th Cir. 2003).  The adequacy of representation requirement encompasses two separate inquiries:  (1) whether there are substantial conflicts of interest between the named representatives of the class and the class members; and (2) whether the representatives will adequately prosecute the action.  *Valley Drug Co.*, 350 F.3d at 1189.  If substantial conflicts exist between the class representatives and the putative class members, then class certification is inappropriate.  *Id.*  Minor conflicts alone will not defeat a party's claim for class certification, the conflict must be fundamental.  *Id.*

Here, Plaintiff argues that she "has no interest that is antagonistic to or in conflict with the interest of the class members she seeks to represent" and, in fact, shares "a common goal of ending the Defendants' debt collection and lien recordation practices that violate state and federal law."  (Doc. 56 at 10).  Plaintiff argues that "[t]here is no real likelihood of conflicts or antagonistic interest developing between [Plaintiff] and the class she represents as the class seeks statutory damages, actual damages, and they are also requesting injunctive and declaratory relief."  (*Id.*).  Plaintiff points out that, "of all of those affected by the Defendants' practices, Ms.

Nazario was the only one who came forward." (*Id.*).  Additionally, Plaintiff contends that "[b]oth counsel and the individual plaintiff, Eliajalyn Nazario, are adequate" because Plaintiff's "claims are aligned with the claims of the members of the class." (*Id.* at 10-11).  Thus, Plaintiff argues that "[t]he criteria for adequacy of representation pursuant to Rule 23(a)(4) is met." (*Id.* at 11).

Defendants did not specifically respond on the issue of adequacy.  (*See generally* Doc. 60).

Notwithstanding the Plaintiff's failure to demonstrate commonality and typicality for the reasons discussed *supra* and the requirements of Rule 23(b)(2) discussed *infra*, the Undersigned finds no basis on which to conclude that there are substantial conflicts of interest between Plaintiff and the class members or that Plaintiff and her counsel will fail to adequately prosecute the action.  *See Valley Drug Co.*, 350 F.3d at 1189.  Accordingly, the Undersigned finds that the adequacy of representation requirement is met.  *See* Fed. R. Civ. P. 23(a)(4).

**B.**   **Fed. R. Civ. P. 23(b)(2)**[4]

Here, because the Undersigned finds that not all of the requirements of Rule 23(a) are met, the Undersigned finds and recommends that Plaintiff's Motion should be denied. Notwithstanding this finding and recommendation, the Undersigned further addresses the requirements of Rule 23(b)(2) under which Plaintiff seeks to certify a class.  Rule 23(b)(2) requires that "the party opposing the class has acted or refused to act on grounds that apply

---

[4]  Plaintiff's Motion only seeks to certify a class pursuant to Rule 23(b)(2).  (Doc. 56 at 11-12). Plaintiff's Second Amended Complaint, however, alleges that class certification would also be appropriate under Rule 23(b)(3).  (Doc. 37 at ¶¶ 40-41).  Nevertheless, because Plaintiff's Motion does not affirmatively seek to certify a class under Rule 23(b)(3) and because Plaintiff has made no showing that Rule 23(b)(3) is satisfied, the Undersigned does not address the applicability or requirements of that rule.

generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).

Plaintiff argues that she "has satisfied the Rule 23(b)(2) requirements through the discussion of Rule 23(a)'s requirements above."  (Doc. 56 at 11).  Specifically, Plaintiff alleges that "[t]he Defendants have used identical practices as they have worked together to file liens and collect on them, which is applicable to the class as a whole.  They have used the exact same forms, and the exact same methods for recording."  (*Id.* at 11-12).  Thus, Plaintiff argues that "[t]he conduct described in the complaint is applicable to all class members and the Defendants have acted with similar conduct to all class members, thereby satisfying the requirements of Rule 23(b)(2)."  (*Id.* at 12).

Defendants argue that Plaintiff's Motion fails for two reasons.  First, Defendants maintain that certification of the FDCPA claim is impermissible under Rule 23(b)(2) because the FDCPA does not provide for equitable relief.  (Doc. 60 at 4-5).  Similarly, Defendants contend that certification of the FCCPA claims is impermissible under Rule 23(b)(2) because monetary relief is not incidental to these claims.  (*Id.* at 6-8).  The Undersigned addresses Defendants' arguments in turn below.

### 1.    FDCPA Claim

As indicated above, Defendants contend that certification of the FDCPA claim is impermissible under Rule 23(b)(2) because the FDCPA does not provide for equitable relief. (Doc. 60 at 4-5).  Defendants point out that "a class can be certified under Rule 23(b)(2) 'for purposes of seeking injunctive or declaratory relief.'"  (*Id.* at 4 (citing *Lakeland Reg'l Med. Ctr., Inc. v. Astellas US, LLC*, 763 F. 3d 1280, 1291 (11th Cir. 2014)).  In this case, however, Defendants contend that Plaintiff's Second Amended Complaint "does not identify *any*

injunctive or declaratory relief to which Plaintiff is purportedly entitled under the FDCPA." (*Id.* (emphasis in original; citing Doc. 37 at ¶¶ 64-72, 97-130)). Defendants argue that "[t]his, by itself, warrants denying certification of the FDCPA claim under Rule 23(b)(2)." (*Id.*).

Defendants also argue that, "[e]ven if Plaintiff had raised such allegations, it is well settled that 'equitable relief is not available to an individual under the civil liability section of [the FDCPA].'" (*Id.* (citing *Sibley v. Fulton Dekalb Collection Serv.*, 677 F. 2d 830, 834 (11th Cir. 1982)). As a result, Defendants contend that "federal courts in Florida and around the country routinely deny certification of FDCPA classes under Rule 23(b)(2)." (*Id.* at 4-5 (citing *Drossin*, 255 F.R.D. at 618; *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 452 (D. Neb. 2010); *Petrolito v. Arrow Fin. Servs., LLC*, 221 F.R.D. 303, 312 (D. Conn. 2004); *Goldberg v. Winston & Morrone, P.C.*, No. 95 CIV. 9282 (LAK), 1997 WL 139526, at *3 (S.D.N.Y. Mar. 26, 1997))).

Plaintiff did not specifically address these arguments. (*See generally* Doc. 56).

Upon review, the Undersigned agrees with Defendants' arguments and finds that a class cannot be certified under Rule 23(b)(2) for Plaintiff's claims under the FDCPA. As an initial matter, Defendants are correct that because Plaintiff's Second Amended Complaint does not identify *any* injunctive or declaratory relief to which Plaintiff is purportedly entitled under the FDCPA, this, by itself, warrants denying certification of the FDCPA claim under Rule 23(b)(2). (*See* Doc. 37). Indeed, the Eleventh Circuit indicated in *Lakeland Regional Medical Center, Inc. v. Astellas US, LLC*, that "[t]he key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted." 763 F.3d at 1291 (citing *Dukes*, 564 U.S. at 360)). The court continued, stating that "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class." *Id.* (citing *Dukes*, 564 U.S. at 360).

21

In *Lakeland Regional*, the Eleventh Circuit held that the district court did not abuse its discretion in refusing to certify a class under Rule 23(b)(2) because the plaintiff failed to justify certification.  *Id.* at 1290-91.  The court noted that "[i]t was the [plaintiff's] burden to 'affirmatively demonstrate' that class certification was appropriate under Rule 23(b)(2)," but the plaintiff "failed to meet that burden" because, in pertinent part, the plaintiff "never identified exactly what injunctive or declaratory relief it was seeking."  *Id.* at 1291.  Instead, the plaintiff only requested "such declaratory and injunctive relief as appropriate in order to compel and ensure defendant['s] future compliance with law."  *Id.*  The court found that the plaintiff's statements were "insufficient to permit the district court to assess adequately whether the injunctive and declaratory relief the [plaintiff] was seeking could provide relief to each member of the class."  *Id.* (citing *Dukes*, 564 U.S. at 360).

Upon consideration here, similar to *Lakeland Regional*, Plaintiff failed to meet her burden to demonstrate affirmatively that class certification is appropriate for the FDCPA claim under Rule 23(b)(2).  *See id.*  In fact, unlike *Lakeland Regional*, where the plaintiff at least indicated that it was seeking "such declaratory and injunctive relief as appropriate in order to compel and ensure defendant['s] future compliance with law," the Plaintiff here has not identified *any* injunctive relief she is seeking pursuant to the FDCPA.  Indeed, Plaintiff's Second Amended Complaint only brings one count (Count 3) pursuant to the FDCPA.  (*See* Doc. 37 at ¶¶ 64-72).  In this count, however, Plaintiff only seeks "actual and statutory damages, punitive damages, attorney's fees, legal assistant fees, costs and prejudgment interest on all damages where such interest is allowable by law and such other and further relief as may be mete and proper."  (*Id.* at 11).  No injunctive or declaratory relief is requested pursuant to the FDCPA.  (*See id.*).

Furthermore, Plaintiff's Motion to Certify Class does not provide any clarification because it too fails to identify any injunctive or declaratory relief that Plaintiff seeks under the FDCPA. (*See* Doc. 56). Accordingly, as in *Lakeland Regional*, the Court finds that Plaintiff's statements are insufficient to assess adequately whether any injunctive and declaratory relief the Plaintiff could be seeking could provide relief to each member of the class. *See* 763 F.3d at 1291. Thus, class certification of Plaintiff's FDCPA claim is not appropriate. *See id.*

Notwithstanding this finding, Defendants are also correct that equitable relief is not available to an individual under the civil liability section of the FDCPA. *See Sibley*, 677 F. 2d at 834. Indeed, as pointed out by Defendants, federal courts routinely deny certification of FDCPA classes under Rule 23(b)(2) on this basis. *See Drossin*, 255 F.R.D. at 618 (denying certification of the FDCPA claim under Rule 23(b)(2) but permitting it under Rule 23(b)(3)); *Harris*, 270 F.R.D. at 452; *Petrolito*, 221 F.R.D. at 312; *Goldberg*, 1997 WL 139526, at *3. Here, because the FDCPA does not provide for equitable relief, Plaintiff is not entitled to class certification under Rule 23(b)(2) for her FDCPA claims.

In sum, Plaintiff has not pointed to any authority suggesting that the Court can properly certify a class under Rule 23(b)(2) as to any claims brought under the FDCPA. Thus, the Undersigned recommends that Plaintiff's Motion to Certify Class be denied to the extent it seeks to certify a class as to her FDCPA claim.

### 2.    FCCPA Claims

Finally, Defendants argue that certification of the FCCPA claims is impermissible under Rule 23(b)(2) because monetary relief is not incidental to these claims. (Doc. 60 at 6-8). Plaintiff did not specifically address this issue. (*See generally* Doc. 56).

On this point, "[m]onetary relief may be obtained in a Rule 23(b)(2) class action so long as the predominant relief sought is injunctive or declaratory." *Murray v. Auslander*, 244 F.3d 807, 812 (11th Cir. 2001). The Supreme Court indicated in *Dukes* that claims for monetary relief may only be certified under Rule 23(b)(2) when the monetary relief is incidental to the injunctive or declaratory relief. 564 U.S. at 360. If the predominant relief requested is monetary, then the court should not certify the class under Rule 23(b)(2). *See id.*

The Eleventh Circuit has indicated that "[m]onetary relief predominates in (b)(2) class actions unless it is *incidental* to requested injunctive or declaratory relief." *Murray,* 244 F.3d at 812 (emphasis in original; citations and quotation marks omitted). The Eleventh Circuit uses the following criteria to determine whether monetary damages are merely incidental:

> [Incidental damages are] damages that flow directly from liability to the class as a whole on the claims forming the basis of the injunctive or declaratory relief . . . . Ideally, incidental damages should be only those to which class members automatically would be entitled once liability to the class (or subclass) as a whole is established . . . . Liability for incidental damages should not . . . entail complex individualized determinations. Thus, incidental damages will, by definition, be more in the nature of a group remedy, consistent with the forms of relief intended for (b)(2) class actions.

*Id.* (citations omitted). As noted by another federal district court in Florida, "money damages are 'incidental' 'only when class members would be automatically entitled to them once class-wide liability is established.'" *Randolph v. J.M. Smucker Co.*, 303 F.R.D. 679, 699 (S.D. Fla. 2014) (citations omitted). Accordingly, "before certifying an injunctive class, a court is left to examine two requirements: (1) whether [d]efendant has acted on grounds generally applicable to the class as a whole, and if so, (2) whether declaratory or final injunctive relief is the appropriate and primary remedy." *Id.* (alterations in original; citations and internal quotation marks omitted).

In *Randolph v. J.M. Smucker Co.*, the court addressed whether monetary relief or declaratory/injunctive relief predominated. *Id.* There, the court declined to certify a class under

Rule 23(b)(2), in part, because the plaintiff did not adequately support her motion with pertinent authority showing that the monetary relief was incidental to the injunctive relief.  *See id.* (citing *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) for the proposition that "the onus is upon the parties to formulate arguments," and *Phillips v. Hillcrest Med. Ctr.,* 244 F.3d 790, 800 n.10 (10th Cir. 2001) for the proposition that "[a] litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority or in the face of contrary authority, forfeits the point.  The court will not do his research for him."  (internal quotations omitted)).  The court in *Randolph* found that the plaintiff had "made no effort to demonstrate that the money damages, which appear to be the primary remedy sought, are merely incidental to the injunctive relief" and, in fact, had only dedicated a single page of her twenty-eight page motion to asserting that an injunctive class was warranted.  *Id.*  Upon review of the limited record, therefore, the court declined to grant class certification.  *Id.*

In this case, similar to *Randolph*, the Court must determine whether monetary relief or declaratory/injunctive relief predominate Plaintiff's FCCPA claims.  Upon review, as in *Randolph*, Plaintiff has not properly supported her arguments with citation to authority or otherwise.  Like *Randolph*, Plaintiff has "made no effort to demonstrate that the money damages, which appear to be the primary remedy sought, are merely incidental to the injunctive relief." *See id.*  Indeed, Plaintiff has six remaining counts under the FCCPA.  (*See* Docs. 37, 49).  Of those six counts, four of them (Counts 1-2, 6-7) – including the two "injunctive relief" counts (Counts 6-7) – specifically request actual and statutory damages.  (*See* Doc. 37).  Only the two declaratory relief counts (Counts 8-9) do not seek actual and statutory damages.  (*See id.*).  Plaintiff had ample opportunity in her Motion to argue that the monetary relief sought pursuant

to the FCCPA does not predominate, but she failed to do so.  (*See* Doc. 56).  The Undersigned declines to make such arguments on Plaintiff's behalf.  Moreover, similar to *Randolph*, Plaintiff has only dedicated a single page of her motion to asserting that an injunctive class is warranted. (*See* Doc. 56 at 11-12).  The Undersigned finds such meager effort to be wholly unhelpful and insufficient under the circumstances.

Accordingly, based on the limited record, the Undersigned finds that Plaintiff has not demonstrated that her claims for monetary relief are incidental to her claims for injunctive relief. As a result, the Undersigned cannot find that a class should be certified under Rule 23(b)(2) as to Plaintiff's FCCPA claims.  Thus, the Court should decline to grant Plaintiff's Motion.  *Id.*

## CONCLUSION

In sum, Plaintiff fails to demonstrate that the requirements of Rule 23(a)(2), Rule 23(a)(3), and Rule 23(b)(2) are met.  Thus, class certification of Plaintiff's claims is not appropriate.  Accordingly, for the reasons stated above, the Undersigned **RESPECTFULLY RECOMMENDS** that Plaintiff's Motion to Certify Class (Doc. 56) be **DENIED** in its entirety.

Respectfully recommended in Chambers in Fort Myers, Florida on February 13, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.


Copies furnished to:

Counsel of Record
Unrepresented Parties