UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIAJALYN NAZARIO, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.                                                  Case No: 2:16-cv-772-FtM-99MRM

PROFESSIONAL ACCOUNT SERVICES,
INC. and LEHIGH HMA, LLC,

       Defendants.
_____/

## **OPINION AND ORDER**[1]

This matter comes before the Court on review of United States Magistrate Judge Mac R. McCoy's Report and Recommendation (Doc. 63), recommending that Plaintiff Eliajalyn Nazario's Motion to Certify Class (Doc. 56) be denied. Plaintiff has filed Objections to the Report and Recommendation (Doc. 64), to which Defendants Professional Account Services, Inc. and Lehigh HMA, LLC have responded (Doc. 65).

The Magistrate Judge recommends denying Plaintiff's motion for class certification because Federal Rules of Civil Procedure 23(a)'s and 23(b)(2)'s requirements are not met. As to Rule 23(a), he finds that Plaintiff has not satisfied the commonality and typicality prerequisites. (Doc. 63 at 17). Although this finding alone warrants denying

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

class certification, he also addresses the requirements of Rule 23(b)(2) under which Plaintiff seeks to certify a class. He finds that Plaintiff's claims cannot be certified under this rule because injunctive relief is not available under the Fair Debt Collection Practices Act and Plaintiff fails to show that her monetary relief claims under the Florida Consumer Collection Practices Act are incidental to her claims for injunctive relief. (Doc. 63 at 19-26). The Court now reviews the Report and Recommendation.

A district judge "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. *See Cooper-Houston v. Southern Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). Also, "[p]arties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988).

Plaintiff objects only to the Magistrate Judge's findings on Rule 23(a) – not Rule 23(b)(2). (Doc. 64). This means Plaintiff does not provide any specific basis to reject the recommendation to deny class certification for not satisfying Rule 23(b)(2). Even without such an objection, the Court still reviews legal conclusions *de novo*. But, after conducting a *de novo* review of the record, parties' briefs, and applicable case law, the Court finds

the Report and Recommendation to be well reasoned and legally sound on its Rule 23(b)(2) analysis. The Court thus denies class certification because Rule 23(b)(2) is not satisfied. Because the Court can deny the motion on this basis alone, it need not address Plaintiff's specific objections to the Report and Recommendation's findings on Rule 23(a)(2) and (3).

Accordingly, it is now

**ORDERED:**

1. The Report and Recommendation (Doc. 63) is **ACCEPTED and ADOPTED** to the extent set forth above and the findings are incorporated herein in accordance with this Opinion and Order.

2. Plaintiff Eliajalyn Nazario's Motion to Certify Class (Doc. 56) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 22nd day of March 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record